Joyce Lynn McKay, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 11, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Lawrence H. Rudnick*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Maurice Levin*, Assistant Attorney General, for respondent.

26

OPINION BY JUDGE MACPHAIL, June 4, 1980:

Joyce Lynn McKay (Appellant) appeals from an order of the Court of Common Pleas of Chester County, which affirmed the action of the Secretary of Transportation (Secretary) in recalling the operating privileges of Appellant in accordance with Section 1519(c) of the Vehicle Code (Code), 75 Pa. C.S. §1519 (c).[1]

On April 24, 1978, Appellant, a licensed motor vehicle operator in Pennsylvania, voluntarily appeared at the Haverford State Hospital for the purpose of obtaining psychiatric consultation. Appellant was interviewed and immediately admitted by a staff psychiatrist, Dr. Wycoff, who diagnosed her condition as one of "drug dependence, hallucinogens." A second staff psychiatrist, Dr. Grasberger, interviewed Appellant and confirmed Dr. Wycoff's diagnosis.

Upon Appellant's discharge from the hospital two days following her admission, Dr. Grasberger submitted both his and Dr. Wycoff's reports to the director of the hospital who in turn sent to the Department of Transportation (Department) a form entitled "Mental Case Report of Discharged Patient." This action was taken in accordance with Section 1518 of the Code, 75 Pa. C.S. §1518. The director indicated on that form that he considered Appellant as competent to drive a motor vehicle "when not taking drugs." Upon receipt of that form, the Secretary notified Appellant

---

[1] Recall of operating privilege.—The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. Any person aggrieved by recall of the operating privilege may appeal to the court of common pleas in the manner provided in section 1550 (relating to judicial review).

that her operating privileges were being recalled until she could submit sufficient proof of her competency to the Department. Appellant appealed the Secretary's action and a de novo hearing was held on September 14, 1978.

At the hearing, the Commonwealth offered the hospital director's report into evidence. The lower court admitted the report over Appellant's objections for the purpose of revealing the basis of the Secretary's recall action. The Commonwealth then called Dr. Grasberger as its only witness, to whose testimony Appellant vehemently and continually objected. The court, however, permitted Dr. Grasberger to testify and express his opinions regarding the diagnosis of Appellant's condition. Those opinions were based almost entirely on information given to him and Dr. Wycoff by the Appellant herself. It was Dr. Grasberger who made the determination that Appellant could drive when not taking drugs.

Dr. Grasberger testified that Appellant was psychologically dependent on hallucinogenic drugs, a condition which he classified as a personality disorder. The doctor further testified that if Appellant were under the influence of such drugs, "she might have hallucinations, visual, auditory, which would impair her ability to drive." Dr. Grasberger stated that there was "no way in the world" he could give an opinion as to whether Appellant would continue to take the drugs because he had no idea of what happened to her after her two day stay at the hospital.

Appellant testified at the hearing that she had taken no hallucinogens in the three month period prior to the hearing, that she was driving to work without incident, and that she was currently undergoing psychiatric treatment by another psychiatrist (who did not testify at the hearing although his presence was expected by Appellant's counsel).

28

The court decided that the evidence supported the Secretary's action in recalling Appellant's privilege to operate a motor vehicle. This appeal followed.

Appellant makes the following arguments:

(1)(a) the trial court failed to make specific findings of fact and to exercise its own discretion to determine anew whether Appellant was incompetent, which Appellant alleges are requirements of a de novo hearing;

(b) the Commonwealth failed to sustain its burden of proving Appellant to be incompetent;

(2) the Commonwealth failed to comply with the statutory requirements of Sections 1517-1519 of the Code, 75 Pa. C.S. §§1517-1519, in promulgating regulations and in recalling Appellant's operating privileges;

(3) the trial court improperly admitted the testimony of Appellant's treating psychiatrist in violation of the statutory physician-patient privilege and of Appellant's constitutional right of privacy.

Our scope of review in this case where the lower court has heard the case de novo is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973). The Commonwealth had the burden of proving at the hearing that Appellant was incompetent, that being the basis for the Secretary's recall of Appellant's operating privileges. *See Yockers v. Department of Transportation*, 4 Pa. Commonwealth Ct. 95, 285 A.2d 893 (1972).

Appellant first argues that the trial court has not complied with the standards of a de novo hearing as set forth in *Critchfield, supra*. In *Critchfield*, this Court stated that in a motor vehicle case, the judge

who hears the case de novo is required to "make independent findings of fact and to exercise his discretion as to whether or not a suspension should properly be imposed." *Id*. at 352, 305 A.2d at 749. The Court decided that because the trial judge in *Critchfield* had failed to make specific findings of fact which were vital to the appellate court's review, it would remand the case to the lower court for further proceedings. Appellant alleges that the circumstances in *Critchfield* are similar to those in the case now before us for the reasons that it is not clear whether the lower court considered the evidence anew, and that the court certainly made none of the requisite specific findings of fact and no new determination of Appellant's incompetency to operate a motor vehicle.

We find *Critchfield* to be distinguishable. *Critchfield* involved a license *suspension* proceeding against an operator who allegedly used a motor vehicle while committing the crime of public indecency. At the de novo hearing, no evidence was presented as to the actual circumstances of the alleged crime. Despite the lack of evidence, the lower court issued a short opinion and order sustaining the suspension, which opinion contained no findings of fact. Our Court held that the judge could not properly conclude whether or not the automobile was an integral element in or contributed to the commission of the crime without first making findings of fact on which to base such a determination.

In the case before us, the trial judge did not set forth specific findings of fact in numerical order. Actually, however, there was very little dispute as to the facts. The issue before the court was whether the Department was justified in recalling Appellant's license when it received the written report of the hospital director. There is no dispute that the report was filed and that Appellant was the subject named in the

report. There is no dispute that Appellant was admitted and treated at the hospital for a drug problem. All of these facts are set forth in the opinion of the trial judge and were obviously assumed by him to be true. Implied in the trial judge's conclusion that the Secretary's action should be affirmed is likewise a finding that the Secretary's determination of incompetency was correct because that is the only statutory basis for a "recall" as opposed to a suspension or revocation. *See* Section 102 of the Code, 75 Pa. C.S. §102.

Thus, it is actually the lower court's implied conclusion or finding of incompetency that Appellant claims is not supported by competent evidence. Appellant argues that the evidence presented by the Commonwealth of Appellant's incompetency to drive *on the date of the de novo hearing* does not sustain its burden of proof. We believe, however, that the Commonwealth is burdened with proving Appellant's incompetency *on the date of the recall* of Appellant's operating privileges and that this burden has been sustained by the Commonwealth's evidence of the hospital report supplemented by the testimony of Dr. Grasberger. Everything that happened between the date of the recall and the date of the de novo hearing would be irrelevant to a determination of the Appellant's competency on the date of recall, although such facts may be relevant in a proceeding under the Department's regulations to establish her subsequent competency to drive as provided in Section 1519(c) of the Code, 75 Pa. C.S. §1519(c).

Appellant's second major contention that the Commonwealth failed to comply with the Code's statutory requirements was not raised before the trial court and, therefore, will not be considered by us upon appeal. *Richland Township v. Hellerman*, 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

Appellant finally argues that the lower court committed an error of law by improperly admitting the testimony of Dr. Grasberger. Appellant first claims that the lower court should have barred the doctor's testimony on the basis of the physician-patient privilege. Appellant asserts that because the enactment of the physician-patient privilege statute as part of the Judicial Code[2] became effective subsequent to the passage of the Vehicle Code, its general rule overrides the specific exceptions to the privilege contained in the Code. Appellant further argues that even if the relevant sections of the Vehicle Code allowing for an exception to the physician-patient privilege[3] were held to prevail, they do not provide anywhere for the admission of Dr. Grasberger's testimony as his evaluation was not solicited by Appellant or the Department pursuant to Sections 1519(a) and (b) of the Code, 75 Pa. C.S. §1519(a) and (b).

Appellant contends that the physician-patient privilege is applicable to her case, because (1) the information provided by Dr. Grasberger was based on communications of Appellant, and (2) the disclosure of

---

[2] 42 Pa. C.S. §5929 provides:

No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

[3] The following subsections of Sections 1518 and 1519 comprise the exception to the general physician-patient privilege statute:

75 Pa. C.S. §1518:

(d) The reports required by this section [required reports filed by institution heads] shall be confidential and used solely for the purpose of determining the qualifications of any person to drive a motor vehicle on the highways of this Commonwealth.

the doctor's diagnosis of drug dependence based on that information would tend to blacken her character. Appellant believes, therefore, that the two conditions for application of the privilege as set forth in *Commonwealth ex rel. Platt v. Platt,* Pa. Superior Ct. , 404 A.2d 410 (1979), were met.

We hold that Appellant is incorrect in her assertion that the specific provisions of the Code allowing for a very narrow exception to the physician-patient privilege are overridden by the reenacted physician-patient privilege statute for the reason that the legislature recently adopted a statute which made certain that statutorily created exceptions to earlier enactments of the law would not be overlooked in the subsequent reenactment of the earlier law.

A statute which reenacts the provisions of an earlier statute shall not be construed to repeal an intermediate statute which modified but did not effect an amendment to such earlier statute. Such intermediate statute shall be construed to remain in force and to modify the reenactment in the same manner as it modified the earlier statute.

1 Pa. C.S. §1963.

---

(e) No report forwarded under the provisions of this section shall be used as evidence in any civil or criminal trial except in any proceeding under section 1519(c) (relating to determination of incompetency).

75 Pa. C.S. §1519(b) provides in pertinent part:

Reports received by the department for the purpose of assisting the department in determining whether a person is qualified to be licensed are for the confidential use of the department and may not be divulged to any person or used as evidence in any trial except that the reports may be admitted in proceedings under subsection (c) [recall of operating privilege] and any physician or optometrist conducting an examination pursuant to subsection (a) may be compelled to testify concerning observations and findings in such proceedings.

Therefore, the confidentiality exception provided in the Code has been preserved.

It is true as argued by Appellant that the language of Sections 1518 and 1519 of the Code do not specifically provide for the admission of Dr. Grasberger's testimony. However, those sections should be construed to allow its admission at the hearing to determine the incompetency of the operator. Because Sections 1518(e) and 1519(b) do provide that the confidential reports received by the Department from the hospital where Appellant was examined are admissible at de novo proceedings, the legislature surely intended that an explanation of reports sent to the Department would be permitted at a hearing as an integral part of the Code's narrow exception to the physician-patient privilege. Indeed, in the absence of such testimony, proof of incompetency because of mental or emotional problems would seldom be possible, if ever.

Finding as we do that the psychiatrist's testimony is admissible as an exception to the general rule, we need not consider the question of whether the physician-patient privilege applies to the facts of this case.

Aside from the claim of physician-patient privilege, Appellant contends that Dr. Grasberger's testimony should have been barred by the lower court on the ground that Appellant's constitutional right of privacy would otherwise be violated. In support of her position, Appellant cites as controlling the decision in *In Re B*, 482 Pa. 471, 394 A.2d 419 (1978), wherein the Pennsylvania Supreme Court recognized that the nature of psychiatric consultation gives rise to a reasonable expectation of privacy and determined that on the facts of that case (a juvenile court proceeding), the individual's right of privacy outweighed any need for the information obtained by the psychiatrist. The court also found that much, if not

34

all, of the information sought to be obtained from the psychiatrist could have been obtained by other means.

However, the Pennsylvania Superior Court in *Platt, supra,* balanced the interests of a patient's right to privacy of medical records against the public's interest in having the patient treated and concluded that the public's interest prevailed in such a situation. Here, we hold that allowing disclosure of information obtained by a psychiatrist from a motor vehicle operator at a hearing conducted for the sole purpose of determining that operator's competency to operate a motor vehicle constitutes an intrusion on the operator's right to privacy, but that intrusion in our judgment is outweighed by the public's interest in having incompetent drivers removed from the highways.

Accordingly, we affirm.

ORDER

AND Now, this 4th day of June, 1980, the order of the Court of Common Pleas of Chester County, dated October 31, 1978, affirming the action of the Secretary of Transportation in recalling the operating privilege of Joyce Lynn McKay, is affirmed.