Ray O. Klotz, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 7, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Wardell F. Steigerwalt,* for appellant.

*Charles Cramer,* Deputy Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, September 13, 1983:

Ray O. Klotz (Appellant) appeals from an order of the Court of Common Pleas of Lehigh County which affirmed the recall of Appellant's operating privilege by the Department of Transportation (Department). We affirm.

On March 17, 1981, the Bureau of Traffic Safety notified the Appellant that his operating privilege was being recalled under Section 1519(c) of the Vehicle Code (Code), 75 Pa. C. S. §1519(c), which provides that the Department shall recall the operating privilege of any person who has been established to be incompetent to drive.

The Department's recall was based on a medical report submitted in accordance with state law[1] by Appellant's treating physician informing the Department that Appellant had experienced "focal seizures" while undergoing treatment at the Sacred Heart Hospital in Allentown, Pennsylvania.

Appellant appealed the Department's action to the Lehigh County Court of Common Pleas, and on May 29, 1981 a hearing de novo was held before the Honorable MAXWELL E. DAVISON. On June 2, 1981

---

[1] Section 1518(b) of the Vehicle Code, 75 Pa. C. S. §1518(b) states:

(b) Reports by medical personnel. — All physicians and other persons authorized to diagnose or treat disorders and disabilities defined by the Medical Advisory Board shall report to the department, in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specific disorder or disability within ten days.

Judge DAVISON dismissed the appeal. The appeal to this Court followed.

Our scope of review in cases where the trial court has heard the case de novo is to determine whether or not the findings of fact are supported by competent evidence and whether there has been an error of law. *McKay v. Commonwealth*, 52 Pa. Commonwealth Ct. 24, 415 A.2d 910 (1980); *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973).

Appellant first argues that the recall was invalid because the Department failed to follow the proper procedure. Appellant contends that the Department was not permitted to recall his license on the basis of the treating physician's report, but was required to obtain another physician's advice. The procedure that the Department is required to follow in such matters is provided in Section 1519(a) of the Vehicle Code, 75 Pa. C. S. §1519(a), which states:

> (a) General rule. — The department, having cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed, may obtain the advice of a physician who shall cause an examination to be made or who shall designate any other qualified physician.... The department shall appoint one or more qualified persons who shall consider all medical reports and testimony and determine the competency of the driver or the applicant to drive.

It is clear that obtaining the advice of a physician is not mandatory under this section. This section merely provides an alternative to the procedure in Section 1518(b) of the Code[2] in cases where there has been no

---

[2] 75 Pa. C. S. §1518(b). For text of the section, *see* note 1, *supra*.

medical report submitted by a treating physician. Where, as in this case, there has been a report submitted under Section 1518(b) of the Code, there is no need, or requirement, for an additional medical report before the determination of competency is made.

Appellant also argues that there was insufficient evidence to support the trial court's finding that the Appellant was incompetent to drive a motor vehicle. The Commonwealth had the burden of proving, by a preponderance of the evidence, that the Appellant was incompetent under the terms of the statute. *McKay; Yockers v. Department of Transportation*, 4 Pa. Commonwealth Ct. 95, 285 A.2d 893 (1972).[3] The standards used in determination of incompetency are found in Chapter 157 of the Department of Transportation's Regulations (Regulations), 67 Pa. Code §§83.1-83.5.[4] Section 157.4(a) of the Regulations, 67 Pa. Code §83.4(a) states:

(a) *General.* A person suffering from epilepsy shall not drive unless their personal licensed physician shall report that the person has been free from seizure for a period of at least one year immediately preceding, with or without medication.

The Commonwealth's only evidence of epilepsy consisted of the medical report submitted by Appellant's treating physician which stated, in pertinent part:

This is to advise you as required by law that I have made a diagnosis of focal seizures in the above-named patient. He was initially ad-

---

[3] The record indicates that there was some uncertainty at the hearing as to which party had the burden of proof. In its opinion, however, the trial court cites *McKay* on the issue of burden of proof, leaving no doubt that it applied the correct standard in reaching its decision.

[4] Formerly 67 Pa. Code §§157.1-157.5.

mitted with suspected transient ischemic attacks with a focal seizure manifested by turning of the eyes, head and neck toward the right and shaking of the right hand was observed by myself and several other observers in the hospital. The patient did not loose (sic) consciousness during these seizures. The focal seizures have been controlled with Dilantin 300 mg. daily.

Although the medical report does not use the term "epilepsy," it does use the term "seizure," which, in this context is clearly synonymous with epilepsy.[5] We are therefore satisfied that this evidence is sufficient to support a finding that the Appellant was suffering from epilepsy and was thus incompetent to drive.

Appellant contends that the medical report alone is insufficient evidence to support a finding of incompetency. There is no question that medical reports submitted under Section 1518(b) of the Code are admissible as evidence in incompetency proceedings.[6] Appellant cites *McKay*, however, for the proposition that the medical report must be corroborated by testimonial evidence before it is sufficient to support a finding of

---

[5] Section 157.4(a) of the Regulations uses the terms interchangeably when it states that a person suffering from "epilepsy" shall not drive until free from "seizure." Such use is consistent with an accepted medical definition which defines seizure as "an attack of epilepsy." Dorland's Illustrated Medical Dictionary 1396 (25 ed. 1974).

[6] Section 1519(b) of the Code states, in pertinent part:

(b) Confidentiality of reports and evidence. — Reports received by the department for the purpose of assisting the department in determining whether a person is qualified to be licensed are for the confidential use of the department and may not be divulged to any person or used as evidence in any trial *except that the reports may be admitted in proceedings under subsection (c)* [relating to recall of operating privilege].... (Emphasis added.)

incompetency. In *McKay*, the issue before this court was whether testimonial evidence was admissible to explain a medical report in an incompetency hearing. In concluding that the testimony was admissible, the court stated: "Indeed, in the absence of such testimony, proof of incompetency because of mental or emotional problems would seldom be possible, if ever." 52 Pa. Commonwealth Ct. at 33, 415 A.2d at 914.

Appellant's reliance on this dicta in *McKay* is misplaced. The Court's comment on the necessity of testimonial evidence was clearly directed to those cases where proof of incompetency is based on a finding of "mental or emotional problems." In such cases, the Commonwealth must prove not merely that there is a medical condition, but, in addition, that this condition interferes with the operator's ability to drive.[7] This additional proof is not necessary for a finding of incompetency on the basis of epilepsy.[8] Therefore, when incompetency is proven on the basis of epilepsy, the

---

[7] Section 157.5 of the Regulations, 67 Pa. Code §83.5 states, in pertinent part:

(a) *General.* A person afflicted by any of the following conditions shall not drive *if,* in the opinion of the examining physician, *the conditions are likely to interfere with the ability to control and safely operate a motor vehicle*:

. . . .

(7) Mental or emotional disorder, whether organic or functional.

(8) Use of drug or substance, including alcohol, known to impair skill or functions, regardless whether the drug or substance is medically prescribed. (Emphasis added.)

[8] The standard for a finding of incompetency on the basis of epilepsy is found in Section 157.4 of the Regulations, which, unlike section 157.5, contains no requirement that the condition be shown to interfere with the operator's ability to drive.

140

medical report alone may suffice and additional testimonial evidence is not always necessary.[9]

The Vehicle Code clearly intends the medical report to be competent evidence in an incompetency proceeding; to extend *McKay* to require additional testimonial evidence in all such proceedings would be contrary to the Code's intent. In this case the medical report alone provides sufficient evidence upon which the trial court could base its finding of incompetency. Accordingly, we affirm.

### Order

Now, September 13, 1983, the order of the Court of Common Pleas of Lehigh County in the above referenced matter, dated June 2, 1981, is hereby affirmed.

------

[9] We note that in *McKay*, the medical report indicating a diagnosis of drug dependency was supplemented by medical testimony that the use of these drugs would impair appellant's ability to drive. Such testimony establishing a connection between appellant's medical condition and his ability to drive would not be necessary in cases where the medical report indicates a diagnosis of epilepsy. *See* note 8, *supra*.