590 A.2d 1318

**Wray Ernest PLOOF, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 14, 1991.

Decided April 17, 1991.

Reargument Denied June 18, 1991.

Felix J. DeGuilio, Pittsburgh, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, William A. Kuhar, Jr., Asst. Counsel, Timothy P. Wile, Asst. Coun-

sel in Charge of Appellate Section, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before McGINLEY and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

Wray Ernest Ploof appeals from the order of the Court of Common Pleas of Allegheny County which dismissed his appeal from the recall of his motor vehicle operating license. We affirm.

On August 18, 1989, appellant was notified by the Department of Transportation, Bureau of Driver Licensing that his operator's license was being recalled pursuant to section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), based on information supplied in a doctor's report that he is suffering from alcoholism. Ploof appealed. The trial court dismissed the appeal, holding that the "defendant's Constitutional rights have been preserved and respected, and no violations of the Hearsay Rule have taken place." (Trial court opinion, 1).

■ Under section 1519(c) of the Vehicle Code, "[t]he department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter." In order to sustain a suspension under this provision, the department must show by a preponderance of the evidence that the appellant was incompetent to drive, *Klotz v. Commonwealth*, 77 Pa.Commonwealth Ct. 134, 465 A.2d 113 (1983), as of the date of the recall. *McKay v. Commonwealth*, 52 Pa.Commonwealth Ct. 24, 415 A.2d 910 (1980). The standards for incompetency are provided in the department's regulation at 67 Pa. Code § 83.5(a)(8), which states:

(a) A person afflicted by any of the following may not drive if in the opinion of an examining physician, the conditions are likely to interfere with the ability to control and safely operate a motor vehicle:

\* \* \* \* \* \*

(8) Use of any drugs or substance, including alcohol, known to impair skill or functions regardless whether the drug or substance is medically prescribed.

All physicians must report to the department in writing the name, address and date of birth of any person over fifteen years of age diagnosed as having a mental or physical disability affecting that person's ability to drive. 75 Pa.C.S. § 1518(a), (b). This information "shall be confidential", 75 Pa.C.S. § 1518(d), and shall not be used in evidence *"except in any proceeding under section 1519(c)."* 75 Pa.C.S. § 1518(e) (emphasis supplied).

Dr. Schuster submitted a letter dated July 10, 1989 to the department as required by sections 1518(a) and (b) of the Vehicle Code, stating: "Mr. Ploof has a long drinking history. He currently drinks 8–12 beers per day. In light of Mr. Ploof's alcoholism, I believe his driver's license and school bus license should be suspended until he enters an alcoholism treatment program and he has a confirmed period of sobriety." This letter provided the basis for the department's suspension of Ploof's driver's license. Ploof argues that the copy of this letter was inadmissible because it is hearsay.

■ Although this letter is hearsay, it is admissible pursuant to section 1519(b) of the Vehicle Code, 75 Pa.C.S. § 1519(b). A medical report of a similar nature was admitted to allow revocation of a driver's license in an incompetency proceeding. *Klotz,* 77 Pa.Cmwlth.Ct. at 138, 465 A.2d at 115. There, we relied on section 1519(b) of the Vehicle Code and stated, "there is no question that medical reports submitted under section 1518(b) of the Vehicle Code are admissible as evidence in incompetency proceedings." *Id.* In *Klotz,* the appellant appealed the recall of his operating license by the Department of Transportation based on a report informing the department that the appellant suffered from epilepsy. *Id.* We affirmed, holding that "the Vehicle Code clearly intends the medical report to be competent evidence in an incompetency proceeding...." *Id.,* 77

Pa.Commonwealth Ct. at 140, 465 A.2d at 117. That rationale also applies in this case.

   ██   Ploof argues strenuously that Dr. Schuster's letter is not admissible under the business record exception to the hearsay rule. Because we hold that the doctor's letter is admissible under section 1519(b) of the Vehicle Code as evidence in an incompetency proceeding, it is not necessary to determine whether the letter is admissible under other exceptions to the hearsay rule.[1]

Ploof also argues that he was denied procedural due process because his Sixth Amendment right of confrontation was violated by not being able to cross-examine Dr. Schuster at the hearing. We do not agree.

   ██   In order for the Sixth Amendment right to apply, the proceeding must be criminal in nature. *United States v. Zucker,* 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed. 777 (1896). Ploof relies on *Conlon v. Commonwealth, State Board of Nurse Examiners,* 68 Pa.Commonwealth Ct. 349, 449 A.2d 108 (1982), and argues that the proceeding to recall a license is penal in nature. This reliance is misplaced, because *Conlon* contains nothing which would amount to a holding that the Sixth Amendment right to confrontation applies to a proceeding of this nature.

Ploof is appealing the suspension of his driver's license. An appeal from the suspension of a driver's license is a civil proceeding and not penal in nature. *Hando v. Commonwealth,* 84 Pa.Commonwealth Ct. 63, 478 A.2d 932 (1984). Because a driver's license revocation or suspension appeal is not a criminal proceeding, the protection of the Sixth Amendment is not applicable. Therefore, Ploof was not

---

1. The fact that it was a copy of the letter does not make this information inadmissible under the hearsay rule. Section 6103(a) of the Judicial Code, 42 Pa.C.S. § 6103, states in part:

   An official record kept within the Commonwealth by any ... government unit ..., when admissible for any purpose, may be evidenced by an official publication thereof or *by a copy attested* to by the officer having the legal custody of the records ... and accompanied by a certificate that the officer has the custody. (Emphasis added.)

   The record reveals that the copy of Dr. Schuster's report was a certified copy under the attestation of the Director of Bureau Licensing. Therefore, this certified copy is admissible.

240

denied procedural due process by the admission of the letter into evidence.[2]

We affirm.

## ORDER

The order of the Court of Common Pleas of Allegheny County is affirmed.

2. It is noteworthy that Dr. Schuster was equally available to Ploof as a witness, but the record discloses no effort by Ploof to procure Dr. Schuster's testimony.