**Samuel Louis SATLER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 1995.

Decided Jan. 30, 1996.

Kimberly A. Zabroski, for Appellant.

Timothy P. Wile, Assistant Counsel In-Charge, for Appellee.

Before COLINS, President Judge, and McGINLEY, J., and MIRARCHI, Senior Judge.

McGINLEY, Judge.

Samuel Satler (Satler) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his appeal from the recall of his motor vehicle operating license.

On September 22, 1993, Satler was notified by the Department of Transportation, Bureau of Driver Licensing (DOT) that his operator's license was being recalled pursuant to Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), based on information sup-

plied in a doctor's report that Satler is suffering from alcoholism. Satler appealed and a de novo hearing was held before the trial court. By order dated October 26, 1994, the trial court dismissed Satler's appeal finding that "[t]he evidence presented does convince us that [Satler] maintains a condition which should, *until properly treated*, preclude him from operating a motor vehicle." Trial court opinion, October 26, 1994, at 2. (Emphasis in original).

■ On appeal to this Court Satler contends that the trial court erred in affirming the recall of his license on the basis of medical reports submitted to DOT by a physician who did not examine, interview or observe Satler. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence, whether errors of law have been committed, or whether the trial court's determination demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

■ Pursuant to Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), "[DOT] shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter." In order to sustain a recall under this provision DOT must prove by a preponderance of the evidence that the licensee was incompetent to drive as of the date of the recall. *Klotz v. Commonwealth*, 77 Pa.Cmwlth. 134, 465 A.2d 113 (1983); *McKay v. Commonwealth*, 52 Pa.Cmwlth. 24, 415 A.2d 910 (1980), *appeal dismissed*, 499 Pa. 223, 452 A.2d 1019 (1982). The standards for incompetency are set forth in DOT's regulations at 67 Pa.Code § 83.5 which provides in pertinent part:

> (a) **General.** A person afflicted by any of the following may not drive if, *in the opinion of an examining physician*, the conditions are likely to interfere with the ability to control and safely operate a motor vehicle:
>
> . . . .

> (8) Use of any drug or substance, including alcohol, known to impair skill or function, regardless [sic] whether the drug or substance is medically prescribed.

67 Pa.Code § 83.5(a)(8).

Satler maintains that the only evidence DOT introduced to prove incompetency was two letters written by Ann K. Blakely, D.O. (Dr. Blakely), a physician whom DOT concedes did not examine, interview or observe Satler. Because Dr. Blakely was not an "examining physician" as provided in Section 83.5(a) of the regulations, Satler contends that DOT failed to meet its burden of proving incompetency.

Specifically, Satler contends that Dr. Blakely's opinion is insufficient because it is not based on information Dr. Blakely obtained by personally performing an examination or an interview of Satler, but rather, is based on Dr. Blakely's review of the report and interview notes made by Colleen Augustine (Nurse Augustine), a certified registered nurse practitioner who examined and interviewed Satler. Further, Satler argues that the information provided to Dr. Blakely by Nurse Augustine is hearsay. DOT asserts that these issues were decided in *Commonwealth v. Oswald*, 24 Pa.D. & C. 4th 223 (1995)[1], and urges this Court to adopt the reasoning in *Oswald* and affirm the trial court's dismissal of Satler's appeal.

In *Oswald*, DOT recalled the operating privilege of the licensee based on a report from a physician that the licensee suffered from a medical condition that rendered him incompetent to drive. At Oswald's statutory appeal hearing DOT's evidence consisted of a DOT form entitled "Initial Reporting Form" which had been completed by the reporting physician. On the form, under the section labeled "Diagnosis of Disorder or Disability", the physician wrote only "comments" and "see attached eval." Attached to the form were several pages of test results and a one page report addressed to the physician from a hospital occupational therapy department. As Satler does here, Oswald challenged the sufficiency of the physician's report and ob-

**1.** We note that *Oswald* was affirmed by this Court in an unpublished memorandum opinion.

*See, Oswald v. Commonwealth*, 663 A.2d 901 (Pa.Cmwlth.1995).

jected to the attached report as hearsay. In rejecting these challenges the Delaware County Court of Common Pleas noted that the report from the hospital occupational therapy department was the type of record that a physician would normally rely upon in forming an opinion in the practice of medicine. Accordingly, the court held that the physician's report was admissible. In addition, the court found that because the physician adopted the report from the occupational therapy department that report was part of the physician's admissible report and not hearsay.

 It is a generally accepted principle of law that physicians may render an opinion based on review of records. *Commonwealth v. Thomas*, 444 Pa. 436, 282 A.2d 693 (1971). Pursuant to 49 Pa.Code § 21.251, a certified registered nurse practitioner is a registered nurse who is licensed in the Commonwealth of Pennsylvania to "perform acts of medical diagnosis or prescription of medical therapeutic or corrective measures in collaboration with and under the direction of a physician licensed to practice medicine in this Commonwealth." *Id.* Thus, as in *Oswald*, when formulating a medical opinion, Dr. Blakely is entitled to rely on information provided to her by Nurse Augustine. Accordingly, we conclude that the letters from Dr. Blakely are admissible and sufficient to support the trial court's dismissal of Satler's appeal. Further, as in *Oswald*, when forming her opinion Dr. Blakely adopted the report and interview notes of Nurse Augustine. Hence, the information contained in Nurse Augustine's reports is also admissible.

Lastly, review of the record reveals that Satler failed to testify at the hearing and deny that he made the statements which Nurse Augustine claimed he made. It is well settled that the failure to call an available witness who is within one party's control and who has knowledge pertaining to a material issue may, if not explained, raise an inference or presumption that the absent witness' testimony would have been adverse to that party. *Bentivoglio v. Ralston*, 447 Pa. 24, 288 A.2d 745 (1972). Thus, the trial court could have properly presumed that Satler's failure to

testify was due to the fact that the assertions Nurse Augustine made were correct.

## ORDER

AND NOW, to wit, this 30th day of January, 1996, the order of the Court of Common Pleas of Allegheny County at 3399 SA 1993, dated October 26, 1994, is affirmed.