**Frances W. REYNOLDS,**

v.

**COMMONWEALTH of PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 31, 1997.
Decided May 16, 1997.

---

Matthew X. Haeckler, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellant.

Roger B. Reynolds, Jr., Norristown, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Montgomery County that sustained the statutory appeal of Frances Reynolds from a recall of her operating privilege on grounds of incompetency that was imposed by DOT in compliance with Section 1519 of the Vehicle Code (Code), 75 Pa.C.S. § 1519(c).

■ We are presented with the sole issue of whether the physician's medical report introduced at the *de novo* hearing in this matter was sufficient by itself to satisfy DOT's burden of proving, by a preponderance of the evidence, that Reynolds suffered from a medical condition that rendered her incapable of safely operating a motor vehicle.[1] We hold that it does.

The relevant facts are as follows. On October 30, 1995, DOT recalled Reynolds' operating privilege on grounds of incompetency pursuant to Section 1519(c) of the Code.[2] Reynolds filed a timely appeal to the Court of Common Pleas on November 21, 1995. A *de novo* hearing was held on May 9, 1996, at which time DOT presented the following report, prepared by Dr. Anand Kumar, M.D.:

[Patient] has been seen at the Geriatric Clinic for over a year and carries a clinical diagnosis of *probable Alzheimer's dis-*

---

1. We recognize that DOT has failed to file a Concise Statement of Matters Complained of pursuant to Pa. R.A.P.1925(b), and that we, therefore, may consider DOT's objections waived. However, because the trial court has filed an opinion in support of its order, we find meaningful appellate review possible and, therefore, we will review the merits of this case. *See Doe v. Township of Robinson*, 161 Pa.Cmwlth. 604, 637 A.2d 764 (1994) (holding that it is within an appellate court's discretion to review issues unless failure to raise them in concise statement of matters complained of on appeal hinders appellate review).

2. Section 1519(c) of the Code states the following, in pertinent part:

> **(c) Recall of operating privilege.**—The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. **The recall shall be for an indefinite period until satisfactory evidence is presented to the department** in accordance with regulations to establish that such person is competent to drive a motor vehicle.

75 Pa.C.S. § 1519(c) (emphasis added).

ease.[3] Her memory and visual-spatial functions are impaired and we have learned that her husband gets her to drive frequently. *In my opinion, Mrs. Reynolds does not have the capacity to drive. Her impairment places her in the "high risk category" for driving.* Kindly assess her abilities and do the necessary thing in response. (Emphasis added.)

(Reproduced Record (R.R.) at 10a.) **Reynolds presented no evidence at the hearing.**

 The trial court concluded that, in order to sustain its burden of proving that Reynolds was incompetent to drive because of a mental condition, DOT was required to present medical testimony in addition to Dr. Kumar's report.[4] We disagree.[5]

Initially, we recognize that pursuant to Section 1518(b) of the Code, 75 Pa.C.S. § 1518(b), physicians are required to submit reports to DOT of those individuals who are diagnosed as having any disabilities defined by the Medical Advisory Board. Such medical reports are specifically admissible as evidence in driver incompetency proceedings. *See* 75 Pa.C.S. § 1519(b). Moreover, nothing in the Code provides that medical *testimony* is required in order for a finding of incompetency.

However, the trial court relied on our decision in *McKay v. Commonwealth of Pennsylvania*, 52 Pa.Cmwlth. 24, 415 A.2d 910 (1980), *petition for allowance of appeal dismissed*, 499 Pa. 223, 452 A.2d 1019 (1982), in concluding that the medical report must be corroborated by testimonial evidence before it is sufficient to support a finding of incompetency. In *McKay*, we held that testimony of an examining psychiatrist was admissible to ex-

plain a medical report which diagnosed the appellant as having a condition of "drug dependence, hallucinogens." The trial court here relied upon the following dicta in *McKay* to reach its conclusion to sustain the appeal: "Indeed, in the absence of such [medical] testimony, proof of incompetency because of mental or emotional problems would seldom be possible, if ever." *Id.* 415 A.2d at 914. After thoroughly reviewing *McKay*, we conclude that the trial court's reliance upon the quoted *obiter dictum* is misplaced.

In *McKay*, DOT recalled the driver's operating privilege after receiving a medical report which diagnosed her as having a condition of "drug dependency, hallucinogens." The driver appealed DOT's action and a *de novo* hearing was held.

At the hearing, the driver testified that she had taken no hallucinogens in the three months prior to the hearing, and that she was currently receiving psychiatric treatment. DOT presented both the medical report and the testimony of an examining psychiatrist who testified that, if the driver were under the influence of hallucinogenic drugs, "she might have hallucinations, visual, auditory, which would impair her ability to drive." *Id.* 415 A.2d at 912.

On appeal, the driver in *McKay* argued that the evidence presented by DOT of her incompetency to drive **on the date of the de novo hearing** did not sustain its burden of proof. We held, however, that DOT's burden at the hearing was only to prove the driver's incompetence **on the date of the recall** of the driver's operating privileges. As such, we found that DOT sustained its burden by

---

**3.** In its brief, DOT explains that a diagnosis of probable Alzheimer's disease is the most definite diagnosis that can be made because the existence of this disease can only be confirmed through an autopsy.

**4.** The standards used to determine incompetency to drive are found in Chapter 157 of the Department of Transportation's Regulations (Regulations), 67 Pa.Code § 83.1—83.5. DOT recalled Reynolds' driver's license pursuant to Section 157.5 of the Regulations, 67 Pa.Code § 83.5, which states, in pertinent part:

(a) **General.** A person afflicted by any of the following conditions shall not drive if, in

the opinion of the examining physician, the conditions are likely to interfere with the ability to control and safely operate a motor vehicle:
. . . .
(7) Mental or emotional disorder, whether organic or functional.

**5.** In reviewing the trial court's order, we are limited to determining whether necessary findings are supported by competent evidence and whether there has been an error of law. *Klotz v. Commonwealth of Pennsylvania*, 77 Pa.Cmwlth. 134, 465 A.2d 113 (1983).

the evidence of the medical report and the psychiatrist's testimony.

We went on to state in *McKay* that nothing in the Code prohibits medical testimony at a hearing to explain a medical report upon which DOT based its recall under Section 1519(c) of the Code, 75 Pa.C.S. § 1519(c). However, we did not hold in *McKay* that DOT cannot establish a *prima facie* case of incompetency by presenting only the medical report upon which the recall was based.

■ To the contrary, we construe Section 1519(c) of the Code, 75 Pa.C.S. § 1519(c), as providing that DOT's burden at a *de novo* hearing, to prove that the driver suffered from a medical condition on the date of recall that rendered him incompetent to drive, may be satisfied by the introduction of the medical report which DOT relied upon in recalling the driver's license. This would establish DOT's *prima facie* case and would shift the burden of going forward with the evidence to the licensee. If the licensee presents evidence at the hearing that he was, in fact, competent to drive on the date of recall, or that he has become competent to drive since the time that his license was recalled and the date of the hearing, then, naturally, DOT would most likely need to present testimonial evidence in order to prove incompetency. The burden of persuasion never leaves DOT, but the medical report itself is sufficient to meet and overcome DOT's initial burden to establish a *prima facie* case.

In this case, however, unlike the driver in *McKay*, Reynolds presented no evidence at the hearing to establish that DOT was not justified in recalling her license upon receipt of Dr. Kumar's written report, or that she became competent to drive between the time that her license was recalled and the date of the *de novo* hearing. The medical report that was presented by DOT states that Reynolds was diagnosed with probable Alzheimer's disease, and that her visual-spatial functions are impaired. The report further provides that in Dr. Kumar's opinion, Reynolds is incapable of driving and that her impairments place her in the "high risk category" for driving.

In light of the report clearly stating that Reynolds is incompetent to drive, and in the absence of any evidence to the contrary, we conclude that the medical report alone was sufficient to establish a *prima facie* case and to support a finding that Reynolds suffers from a medical condition that interferes with her ability to drive. Therefore, the trial court erred in concluding that, because DOT failed to present testimonial evidence, DOT did not meet its burden under Section 1519(c) of the Code, 75 Pa.C.S. § 1519(c).

Order reversed.

### ORDER

**NOW,** May 16, 1997, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby reversed.