Samuel McKELVY

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 2002.

Decided Jan. 7, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Paul L. Hammer, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals ·from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the statutory appeal of Samuel McKelvy (McKelvy) from an indefinite recall of his operating privileges imposed by the Department pursuant to 75 Pa.C.S. § 1519(c) based on his incompetency to drive. We affirm.

On October 4, 2001, Department informed McKelvy that it had information that McKelvy suffered from a cerebral vascular disease that could affect his ability to drive. (R.R. at 38a.) In order to determine whether McKelvy was medically capable of driving, Department informed McKelvy that he was required to have a physical examination and have a physician complete the enclosed general neurological form. (Id.) On October 10, 2001 Department sent McKelvy another letter informing him that his physician must complete the enclosed general psychiatric form so that a determination could be made as to whether he met Department's medical standards for driving. (R.R. at 37a.)

In a notice dated October 11, 2001, Department informed McKelvy that it had received medical information indicating that McKelvy has a neuropsychiatric condition which prevents him from safely operating a motor vehicle. (R.R. at 35a.) As such, Department notified him that his driving privilege was recalled indefinitely as of November 15, 2001, pursuant to 75 Pa.C.S. § 1519(c). Department also informed McKelvy that this action would remain in effect until it received medical information that his condition had improved and also informed him of his right to appeal. McKelvy appealed to the trial court which conducted a hearing.

At the hearing, over objection from McKelvy's counsel, Department introduced documents including one identified as an initial reporting form. (R.R. at 40a.) Department's form, which was completed by Dr. Kenneth Goetz, diagnosed McKelvy as suffering from cerebral vascular disease. In response to the question of whether the condition affected the patient's ability, from a medical standpoint, to safely operate a motor vehicle, Dr. Goetz checked the box yes. (Id.)

McKelvy then introduced medical records. Brian Ice, who is employed by Allegheny General Hospital, is the manager of the medical records department and testified that the medical records are kept in the ordinary course of the hospital's business and the entries contained therein are made contemporaneously with events they depict. The records presented included a general neurological form provided by Department and completed by Dr. Bernard Andrews on March 7, 2002. In answer to the question of whether McKelvy had any significant impairment in specified areas, Dr. Andrews responded no. In response to the question of whether McKelvy was competent to operate a motor vehicle, Dr. Andrews responded yes. (R.R. at 32a.) Dr. Andrews also completed a psychiatric form on March 12, 2002, in which he again certified that McKelvy is able to drive. (R.R. at 31a.) McKelvy also testified on his own behalf.

■ The trial court issued a decision on Mach 21, 2002 and determined that Department failed to prove by a preponderance of the evidence that McKelvy was incompetent to operate a motor vehicle. Both sides introduced Department forms completed by physicians whose opinions differed as to whether McKelvy was competent to operate a motor vehicle. Although Department argued that greater weight should have been given to its physician, who was a psychiatrist rather than to McKelvy's doctor, who was an internist, the trial court determined that Department did not provide sufficient evidence to prove that its physician was any more competent or credible than McKelvy's physician. As Department failed to prove by a preponderance of the evidence that

McKelvy was not competent to operate a motor vehicle, the trial court sustained McKelvy's appeal. This appeal by Department followed.[1]

■ On appeal, Department argues that Dr. Goetz's medical report was properly introduced into evidence and that its introduction satisfied Department's prima facie burden of proof. The burden then shifted to McKelvy. Department, however, maintains that McKelvy failed to present competent evidence to establish his competence to drive. Specifically, Department argues that the general psychiatric report and the general neurological form prepared by Dr. Andrews were not admissible evidence and as such there was no competent evidence introduced by McKelvy.

We initially observe that under 75 Pa. C.S. § 1519(c), "[t]he department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter." To sustain a suspension under this provision, the department must show by a preponderance of the evidence that the licensee was incompetent to drive. *Klotz v. Commonwealth,* 77 Pa.Cmwlth. 134, 465 A.2d 113 (1983).

In determining competency, 75 Pa.C.S. § 1519(a) permits Department to require a licensee to submit to examinations. Specifically, 75 Pa.C.S. § 1519(a) provides in relevant part:

(a) **General rule.** The department, having cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed, may require the applicant or driver to undergo one or more of the examinations authorized under this subchapter

---

1. Our review is limited to determining whether necessary findings are supported by competent evidence, errors of law were committed or whether the trial court abused its

discretion. *Todd v. Department of Transportation, Bureau of Driver Licensing,* 555 Pa. 193, 723 A.2d 655 (1999).

in order to determine the competency of the person to drive. The department may require the person to be examined by a physician or a licensed psychologist designated by the department or may require the person to undergo an examination by a physician or licensed psychologist of the person's choice. If the department designates the physician or licensed psychologist, the licensed driver or applicant may, in addition, cause a written report to be forwarded to the department by a physician or a licensed psychologist of the driver's or applicant's choice.

As to the admissibility of medical reports, 75 Pa.C.S. § 1519(b) states:

**(b) Confidentiality of reports and evidence.**Reports received by the department for the purpose of assisting the department in determining whether a person is qualified to be licensed and reports of examinations authorized under this subchapter are for the confidential use of the department and may not be divulged to any person or used as evidence in any trial except that the reports and statistics and evaluations used by the department in determining whether a person should be required to be examined under this subchapter shall be admitted in proceedings under section 1550 (relating to judicial review).

With respect to the recall or suspension of operating privileges, 75 Pa.C.S. § 1519(c) provides:

**(c) Recall or suspension of operating privilege.**The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. The department shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established. Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550. The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

Here, Department maintains that it met its prima facie burden through the introduction of the medical report of Dr. Goetz. We agree. As stated in *Reynolds v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 361, 364 (Pa. Cmwlth.1997):

[W]e construe Section 1519(c) of the Code, 75 Pa.C.S. § 1519(c), as providing that DOT's burden at a *de novo* hearing, to prove that the driver suffered from a medical condition on the date of the recall that rendered him incompetent to drive, may be satisfied by the introduction of the medical report which DOT relied upon in recalling the driver's license. This would establish DOT's *prima facie* case and would shift the burden of going forward with the evidence to the licensee. If the licensee presents evidence at the hearing that he was, in fact, competent to drive on the date of the recall, or that he has become competent to drive since the time that his license was recalled and the date of the hearing, then, naturally, DOT would most likely need to present testimonial evidence in order to prove incompetency.

As stated in *Klotz*, 465 A.2d at 116, "the Vehicle Code clearly intends the medical

report to be competent evidence in an incompetency proceeding...." *Id.*, 465 A.2d at 116. Department nonetheless argues that Section 1519 permits only the Department, not a licensee, to admit medical reports. We disagree.

We observe that Department requested and provided the forms ultimately completed by Dr. Andrews on behalf of McKelvy. Department's general psychiatric form and the general neurological form completed by Dr. Andrews stated that McKelvy was competent to operate a motor vehicle. At the hearing, counsel for Department acknowledged that it had the forms completed by Dr. Andrews but decided not to restore McKelvy's operating privileges because it considered Dr. Andrew's opinion equivocal.[2] (R.R. at 28a.) Thus, Department used the general psychiatric form and general neurological form it provided to McKelvy to be completed by a physician and determined that his driving privileges should not be restored. Inasmuch as Department sent the forms to McKelvy and relied on the reports in determining not to restore McKelvy's operating privileges and Section 1519 permits as evidence medical reports received by Department to determine competency to drive, such reports were properly entered into evidence.

Accordingly, although Department established a prima facie case of incompetency through admission of Dr. Goetz's report, McKelvy then countered this evidence with a report from his medical provider who opined that McKelvy was competent to drive. Absent additional evidence from Department, Department failed to show by a preponderance of the

evidence that McKelvy was incompetent to drive.

In accordance with the above, the order of the trial court is affirmed.

### ORDER

Now, January 7, 2003, the order of the Court of Common Pleas of Allegheny County at No. S.A. 1122 of 2001, is affirmed.

---

**2.** In the comment section on the general psychiatric form Dr. Andrews stated "[w]e only met this patient x1. We do not have any old records or previous records to base our deci-

sion. This is from today's evaluation. If there are past indications of difficulty perhaps a drivers evaluation would be indicated." R.R. at 31a.