### Walter J. BYLER

v.

**COMMONWEALTH** of Pennsylvania, **DEPARTMENT OF TRANSPORTA-TION, Bureau of Driver Licensing,** **Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2005.

Decided Sept. 27, 2005.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Robert C. Brabender, Erie, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Erie County that sustained the appeal of Walter Byler from a recall of his driver's license for incompetency pursuant to Sections 1518(b) and 1519(c) of the Vehicle Code, *as amended,* 75 Pa.C.S. §§ 1518(b) and 1519(c). DOT questions whether the trial court committed reversible error by ruling that lay testimony was sufficient to rebut DOT's *prima facie* medical evidence of Byler's incompetency to drive.

## I

On or about November 4, 2004, DOT received a letter concerning Byler from Dr. Walter Johns, who at that time was Byler's family physician. The letter was dated October 28, 2004 and stated in its entirety: "Mr. Byler is a 79 year old white male. He's an alcoholic and should not be driving a car. He has significant alcoholic cerebellar degeneration." DOT Exhibit 1. Dr. Johns apparently sent the letter to DOT after Byler's office visit on October 28, 2004. By notice mailed November 28, 2004, DOT informed Byler that his license had been recalled and would remain suspended until DOT received medical evidence that he was competent to drive. The notice stated that the recall was made after "comparing your medical condition with the standards recommended by the Medical Advisory Board and adopted by this Department." *Id.*

Byler appealed to the trial court, which held a *de novo* hearing on February 22, 2005. DOT submitted into evidence a packet of certified documents that included Dr. Johns' letter and the notice of recall. *See* DOT Exhibit 1. Counsel for Byler objected to the admissibility of Dr. Johns' letter on the grounds that the letter was not a "report" as referred to in 75 Pa.C.S. § 1518(b) and that the letter was insufficiently detailed to be of any relevance. The trial court overruled the objection and admitted the letter. DOT presented no witnesses and no other medical report or other evidence.

Byler testified that he led a sedentary life, spending most of his time at home watching television. Byler related that he had reduced his drinking on his own initiative over the past three or four years, that he drinks only two Manhattans a day between 4:00 p.m. and the time he retires to bed, that he never drinks outside of the home and that he never drinks and drives. Also he never drives at night or during periods of heavy traffic, he has never had a moving violation charge against him in 58 years as a licensed driver and he has been involved in only two accidents forty years ago that were caused by other drivers. Dr. Johns had been Byler's physician for

about five years, and he saw the doctor every six to nine months although he obtained a new doctor after Dr. Johns' action. Byler noted that Dr. Johns never advised him to stop driving and never treated him for alcoholism or suggested that he seek treatment. Before a morning office visit with Dr. Johns on October 28, 2004, Byler inadvertently drank from a glass containing some of the prior night's drink, thinking that it was water. Dr. Johns apparently smelled alcohol on Byler's breath during the office visit and then wrote his letter to DOT.

Marian Shick testified on behalf of Byler. She is an eighty-three-year-old friend and neighbor who has known Byler for approximately two to three years. Shick testified that she saw Byler every day, that twice a week he would drive her to the grocery store or run other errands for her and that on no occasion had Byler ever driven his vehicle after drinking alcohol. Shick was aware that Byler drank at home, but she stated that they had discussed the matter and that he would never drive after drinking. Shick confirmed that Byler never visited bars and that he never drank outside of his home.

By order dated February 23, 2005, the trial court (John A. Bozza, J.) sustained Byler's appeal. In the accompanying opinion of May 3, 2005, the trial court noted that a person may be disqualified from driving if, in the opinion of a health care provider, a person's alcoholism is "likely to impair the ability to control and safely operate a motor vehicle[.]" *See* 67 Pa. Code § 83.5(b). In citing *McKelvy v. Department of Transportation, Bureau of Driver Licensing,* 814 A.2d 843 (Pa. Cmwlth.2003), and *Reynolds v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 361 (Pa.Cmwlth.1997), the trial court acknowledged that DOT bears the burden of showing by a preponderance of the evidence that an individual at the time of a recall is incompetent to drive and that if the licensee presents evidence of competency, DOT may be required to present additional evidence to satisfy its ultimate burden of proof.

The trial court concluded that although the two-sentence letter from Dr. Johns was sufficient to establish a *prima facie* case, DOT failed to sustain its ultimate burden of proving incompetency by a preponderance of the evidence. The trial court credited the testimony of Byler and Shick that Byler was a safe driver and that he did not drink and drive, and it concluded that "[t]here was no evidence of behavioral manifestations of impairment in the operation of a motor vehicle." Slip Opinion at 7. The trial court observed that Dr. Johns' letter contained no explanation for the doctor's conclusion, nor did it explain Byler's medical condition or otherwise explain how it affects one's ability to drive.[1]

Noting that lay testimony was sufficient to rebut the conclusions in Dr. Johns' letter and that the lay testimony brought into question the credibility of DOT's evidence, the trial court determined that the testimony of Byler and Shick had in fact rebutted DOT's *prima facie* case of incompetency. Because DOT presented no additional evidence the trial court concluded that DOT had failed to sustain its burden of

---

1. The trial court compared the lack of detail and documentation in DOT's case to the evidence presented in other cases, *e.g., Satler v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 1205 (Pa.Cmwlth.1996) (report included several pages of tests results and one-page report of occupational thera-

pist); *Ploof v. Commonwealth,* 139 Pa. Cmwlth. 235, 590 A.2d 1318 (1991) (detailed letter from doctor outlining patient history); *McKay v. Commonwealth,* 52 Pa.Cmwlth. 24, 415 A.2d 910 (1980) (medical report and testimony of psychiatrist).

proving that Byler's drinking was "likely to impair the ability to control and safely operate a motor vehicle[.]" 67 Pa.Code § 83.5(b). The trial court noted in particular that neither *Ploof v. Commonwealth*, 139 Pa.Cmwlth. 235, 590 A.2d 1318 (1991), nor *McKelvy*, cases relied on by DOT, supported the proposition advanced by DOT that *only* medical evidence is sufficient to rebut a *prima facie* case of incompetency based on a doctor's report.[2]

## II

On appeal, DOT argues that the trial court committed reversible error by accepting the lay testimony of Byler and Shick as sufficient to rebut DOT's *prima facie* medical evidence that Byler is incompetent to drive.[3] Relying principally upon *Reynolds*, *McKelvy* and other cases involving the refusal to submit to chemical testing,[4] DOT argues that only medical evidence is competent to rebut the evidence of incompetency contained in Dr. Johns' letter. Byler failed to present any medical evidence that he does not suffer from alcoholism and cerebellar degeneration; instead, Byler offered only evidence that he does not drive after drinking. DOT emphasizes that it is not challenging the trial court's credibility determinations regarding the lay testimony, but it asserts that

such testimony no matter how credible is incompetent to rebut Dr. Johns' opinion.

Byler argues that Dr. Johns' letter is so lacking in detail and supporting documentation that it should be accorded minimal weight, that he and Shick presented extensive testimony regarding his safe driving record and his temperate drinking habits and that the trial court credited that testimony, and on those bases the trial court properly concluded that DOT had failed to prove by a preponderance of the evidence that Byler was incompetent to drive. Byler further argues that neither the language in 75 Pa.C.S. § 1519(c) nor the decisions in *Reynolds* and *McKelvy* support the proposition that only medical evidence may rebut DOT's *prima facie* case in a suspension hearing. Byler posits that the cases cited by DOT stating that only medical evidence is sufficient to show that a refusal to submit to chemical testing was not knowing and conscious are irrelevant because they were issued in light of completely distinct statutory provisions.

Section 1519(c) of the Vehicle Code, relates to the recall or suspension of motor vehicle operating privileges and provides in part:

The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The re-

---

**2.** This Court's review of the trial court's *de novo* review of a suspension of driving privileges is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether the court committed a reversible error of law or abused its discretion. *Hinds v. Department of Transportation, Bureau of Motor Vehicles*, 740 A.2d 1217 (Pa.Cmwlth.1999).

**3.** In its brief, DOT first argues that the trial court did not err in admitting into evidence Dr. Johns' letter because it constitutes a "report" as contemplated by 75 Pa.C.S. §§ 1518(b) and 1519(b), and therefore the letter satisfies DOT's burden of presenting a

*prima facie* case of Byler's incompetency to drive. *See McKelvy; Reynolds; Klotz v. Commonwealth*, 77 Pa.Cmwlth. 134, 465 A.2d 113 (983). Because Byler is no longer challenging the admissibility of the letter on appeal, the Court need not address this argument.

**4.** *See, e.g., Maletic v. Department of Transportation, Bureau of Driver Licensing*, 819 A.2d 640 (Pa.Cmwlth.2003) (when injuries are not severe and obvious, medical evidence is necessary to show that licensee's refusal to submit to chemical testing was not knowing and conscious).

call shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle.

Section 1518(b) relates to reports by health care personnel and provides:

> All physicians, podiatrists, chiropractors, physician assistants, certified registered nurse practitioners and other persons authorized to diagnose or treat disorders and disabilities defined by the Medical Advisory Board shall report to the department, in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specified disorder or disability within ten days.

The regulation defining the disability at issue, 67 Pa.Code § 83.5(b), provides in part:

> (b) Disqualification on provider's recommendation. A person who has any of the following conditions will not be qualified to drive if, in the opinion of the provider, the condition is likely to impair the ability to control and safely operate a motor vehicle:
>
> . . . .
>
> (7) Use of any drug or substance, including alcohol, known to impair skill or functions, regardless whether the drug or substance is medically prescribed.

 In order to sustain the recall of a driver's license based on incompetency, DOT must prove by a preponderance of the evidence that the licensee was incompetent to drive as of the date of recall. *Satler v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 1205 (Pa.Cmwlth.1996). In *Reynolds* this Court explained how the burden shifts between the parties:

> [W]e construe Section 1519(c) of the Code, 75 Pa.C.S. § 1519(c), as providing that DOT's burden at a *de novo* hearing, to prove that the driver suffered from a medical condition on the date of recall that rendered him incompetent to drive, may be satisfied by the introduction of the medical report which DOT relied upon in recalling the driver's license. This would establish DOT's *prima facie* case and would shift the burden of going forward with the evidence to the licensee. If the licensee presents evidence at the hearing that he was, in fact, competent to drive on the date of recall, or that he has become competent to drive since the time that his license was recalled and the date of the hearing, then, naturally, DOT would most likely need to present testimonial evidence in order to prove incompetency. The burden of persuasion never leaves DOT, but the medical report itself is sufficient to meet and overcome DOT's initial burden to establish a *prima facie* case.

*Id.,* 694 A.2d at 364. The Court agrees that DOT failed to meet its ultimate burden of proof when it did not present additional evidence after Byler presented evidence in his defense to the recall notice. Moreover, the trial court was correct in concluding that nothing in the applicable statutory or regulatory provisions or in the case precedents cited by DOT requires that only medical evidence may be presented by the licensee to rebut a *prima facie* case of the licensee's incompetency based on a medical provider's report.

In *Reynolds* the licensee presented no evidence whatsoever, and thus the issue of lay testimony was not considered. Similarly, this Court's opinion in *Ploof* does not indicate that the licensee offered any testimony, and the Court held only that a certified copy of a medical report relied on by DOT was admissible as evidence under Section 1519(b) of the Vehicle Code. The Court did not address what type of evi-

dence a licensee might present to rebut DOT's *prima facie* case. In *McKelvy* the licensee presented medical reports and his testimony; again, the issue of the sufficiency of lay testimony to rebut DOT's case was not before the Court.

Dr. Johns' letter does not explain his relationship with Byler, does not state the types of observations that led to a diagnosis of alcoholism and does not offer any other pertinent facts that the doctor may have relied upon to reach his conclusions. Byler's testimony, largely corroborated by Marian Shick, pertained to the *underlying facts* regarding Byler's lifestyle and the frequency and amount of his drinking, and Byler and Shick were competent to testify to such common facts to rebut Dr. Johns' conclusions. It was within the trial court's discretion as the ultimate fact finder to determine that Byler was not incompetent and that the testimony of Byler and Shick was more persuasive and credible than the evidence presented by DOT. *See Depart-* *ment of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989) (questions of credibility and conflicts in evidence are for trial courts to resolve and not the appellate courts). The trial court's findings are supported by substantial competent evidence, and the Court therefore accepts the trial court's conclusion that DOT failed to sustain its burden of proof. The Court accordingly affirms the trial court's order.

## ORDER

AND NOW, this 27th day of September, 2005, the order of the Court of Common Pleas of Erie County is hereby affirmed.