**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1128
_____

BRIAN MCDANIEL,
                              Appellant

v.

BRENDA COLLINS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-03944)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Brian McDaniel, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his amended 42 U.S.C. § 1983 complaint. For the reasons set forth below, we will affirm.

I.

In October 2011, the Pennsylvania Department of Transportation ("PennDOT") notified McDaniel that his driving privileges would be suspended on November 9, 2011, because he did not pay the fines from two traffic violations. The notice informed McDaniel that he could challenge the suspension by filing an appeal with the Court of Common Pleas. See 75 Pa. Cons. Stat. § 1550(a) (providing that any person whose driver's license has been suspended "shall have the right to appeal to the court vested with jurisdiction of such appeals"); see also 42 Pa. Cons. Stat. § 933(a)(1)(ii) (providing that the courts of common pleas have jurisdiction over such appeals). McDaniel did not appeal because he was already challenging the underlying violations in state court. He did, however, take steps to alert PennDOT about his pending case. As a result, PennDOT delayed the suspension until May 9, 2012. See 75 Pa. Cons. Stat. § 1555(a) ("Upon receiving certification that a person has filed a timely appeal from a criminal conviction that has caused the department to issue a notice of suspension . . . , the department may delay commencement of the suspension . . . for a period of up to six months.").

In November 2011, the Pennsylvania Superior Court overturned one of McDaniel's underlying violations and affirmed the other. McDaniel continued to litigate

2

the matter by seeking review in the Pennsylvania Supreme Court. In the interim, his license suspension went into effect as scheduled. Although PennDOT sent McDaniel a letter stating that the suspension was delayed only until May 9, 2012, McDaniel contends that he did not learn that the suspension had gone into effect until he was stopped by the police on July 21, 2012. The police charged McDaniel with driving with a suspended license and impounded his vehicle. To reinstate his driving privileges, McDaniel paid the fines and associated penalties and fees for both of the earlier traffic violations, even though the Superior Court had overturned one of them.[1]

In 2014, McDaniel brought this action against Brenda Collins, a PennDOT employee allegedly responsible for his driver's license suspension. He alleged that Collins violated his due process rights under the Fourteenth Amendment and committed state law torts. The District Court dismissed McDaniel's original complaint without prejudice for failure to state a claim and granted him leave to amend. McDaniel then filed an amended complaint, in which he added a claim that Collins violated his right to a full and fair trial under the Sixth Amendment. Collins then filed a motion to dismiss the amended complaint. The District Court granted that motion, dismissing McDaniel's constitutional claims with prejudice and his state law claims without prejudice to his ability to file them in state court. McDaniel timely appealed.

---

[1] McDaniel then faced another suspension for the July 2012 traffic violation, but this second suspension never took effect because he was ultimately found not guilty of that violation.

3

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order dismissing McDaniel's amended complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That is, McDaniel's "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal. Bell Atl. Corp., 550 U.S. at 555. Because McDaniel is proceeding pro se, we construe his pleadings liberally. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not err in dismissing McDaniel's claim that Collins violated his procedural due process rights by suspending his license. "In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). McDaniel did not utilize the available process—a civil statutory appeal pursuant to § 1550—and he does not argue that this process was unavailable or inadequate. Nor did McDaniel utilize his other option: requesting further delay of the suspension until his traffic case concluded. See 75 Pa. Cons. Stat. § 1555(b) ("A person may obtain an additional six-month delay if

4

the person obtains and forwards to the department an additional certification from the court that the appeal is still pending before the court."). Accordingly, McDaniel fails to state a procedural due process claim.

McDaniel's argues that the license suspension should have been stayed pending the resolution of his traffic case. For authority, he relies on Pennsylvania Rule of Criminal Procedure 1037(F)(2), which provides that the execution of a sentence in a traffic court case is stayed pending an appeal to the Superior Court. This argument fails because the license suspension was not part of his sentence for the traffic violations; it was a related civil proceeding with its own mechanism for postponing the suspension—a delay pursuant to section 1555. Cf. Plowman v. Commonwealth, 635 A.2d 124, 127-28 (Pa. 1993) (holding that license suspension following drug conviction was not a criminal penalty but "merely a civil consequence of a criminal violation"). This argument thus does not undermine the conclusion that McDaniel's procedural due process claim fails.[2]

McDaniel's Sixth Amendment claim is similarly flawed. The Sixth Amendment applies only to criminal prosecutions. See U.S. Const. amend VI. McDaniel argues that his Sixth Amendment rights were violated because he faced a criminal penalty—his license suspension—before the completion of his traffic court case. This argument is unavailing because that suspension was not a criminal penalty; rather, it was a civil

---

[2] McDaniel also raises vague arguments that Collins violated his substantive due process rights. Because he does not allege any conduct that shocks the conscience or any facts to support his claim that his fundamental rights were infringed, he fails to state a substantive due process claim. See Chainey v. Street, 523 F.3d 200, 219-20 (3d Cir. 2008).

5

consequence of the underlying criminal violations.  See Ploof v. Commonwealth, 590 A.2d 1318, 1321 (Pa. Commw. Ct. 1991).  Collins administered a civil sanction, which McDaniel chose not to challenge by the proper means, not a criminal penalty.  Therefore, McDaniel fails to state a Sixth Amendment claim.

Because further amendment of McDaniel's constitutional claims would have been futile, the District Court properly dismissed them with prejudice.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  With no remaining constitutional or other federal claims, the District Court acted well within its discretion when it declined to exercise supplemental jurisdiction over McDaniel's state law claims.  See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

6