Jane Ann **HELWIG**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 2014.

Decided Sept. 8, 2014.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for appellant.

BEFORE: RENÉE COHN JUBELIRER, Judge, and ROBERT SIMPSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) seeks review of an order of the Court of Common Pleas of Allegheny County (trial court) sustaining Jane Ann Helwig's (Licensee) statutory appeal from a recall of her operating privilege based on her seizure disorder. DOT argues the trial court erred in sustaining the appeal because Licensee did not prove she is medically competent to drive with substantial and competent evidence. Upon review, we affirm.

## I. Background

Dr. Anne Josiah, M.D. (Reporting Doctor) completed a DOT questionnaire, Form DL–13—Initial Reporting Form (Initial Report), noting Licensee has a seizure disorder and suffered a seizure in June 2013.[1]

---

1. Healthcare providers are required to report to DOT, in writing, the full name, date of birth, and address of every person over 15 years of age diagnosed as having any specified disorder or disability, such as seizure disorder, within 10 days. Section 1518(b) of the Vehicle Code, 75 Pa.C.S. § 1518(b); *accord* 67 Pa.Code § 83.6.

Upon receiving this information, DOT sent Licensee an official notice of recall. The notice informed Licensee that her license would be recalled, effective July 26, 2013, pursuant to Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c). The notice advised her that her license would remain recalled until she demonstrated her condition is well controlled. With the notice, DOT enclosed a questionnaire, Form DL–121–Seizure Reporting Form, for Licensee to give to her healthcare provider to report on her medical condition.

Licensee filed a statutory appeal with the trial court. In her appeal, she stated:

> The basis for this appeal is that my treating physician, James P. Valeriano, M.D., will provide a report and will testify, if required, that I have been free from seizures since the seizure referenced by the Notice of Driver's License Suspension [sic] and that I can safely operate a motor vehicle.

Reproduced Record (R.R.) at 4a. Dr. Valeriano (Treating Physician) completed DOT's Seizure Reporting Form (Seizure Report) on October 23, 2013.

The trial court held a *de novo* hearing. At the hearing, the trial court accepted into evidence DOT's packet of certified documents, which included the Initial Report. R.R. at 9a–10a, 20a–24a. There, Reporting Doctor indicated Licensee has a seizure disorder and suffered a seizure in June 2013. *Id.* at 9a, 20a. Notwithstanding, Reporting Doctor indicated Licensee

should not lose her driving privilege, but noted her condition warrants further investigation of her competency to drive. *Id.* at 20a.

In addition, DOT offered [2] a copy of the Seizure Report. *Id.* at 11a, 25a–26a. In the Seizure Report, Treating Physician confirmed Licensee has an electrically diagnosed seizure disorder and suffered a seizure in June 2013. Nevertheless, he opined Licensee is "safe to drive." *Id.* at 14a, 26a. Although Treating Physician wrote additional notes, the trial court found them illegible. *Id.* at 13a–14a.

Ultimately, the trial court determined DOT did not meet its burden by a preponderance of the evidence that Licensee is not safe to drive. The trial court sustained Licensee's statutory appeal.

DOT filed a notice of appeal. In its concise statement of errors complained of on appeal, DOT asserted Licensee did not present substantial or competent evidence that rebutted the presumption of incompetence created by DOT's *prima facie* case.

The trial court filed an opinion in response.[3] The trial court explained the Initial Report is not conclusive because Reporting Doctor did not conclude Licensee should lose her operating privilege. According to the Seizure Report, Treating Physician concluded Licensee was safe to drive. DOT presented no further evidence of Licensee's medical incompetency. Thus, the trial court determined DOT did

---

**2.** The Seizure Form was not one of DOT's certified documents, but DOT does not challenge its authenticity or its admission as evidence. *See* Pet'r's Br. at 5 n.3; *id.* at 25 n. 18. The Vehicle Code specifically provides for the admission of physician reports in incompetency proceedings. Section 1518(e) of the Vehicle Code, 75 Pa.C.S. § 1518(e); *see Ploof v. Commonwealth*, 139 Pa.Cmwlth. 235, 590 A.2d 1318 (1991). Although the trial court

did not formally admit the Seizure Form as evidence at the hearing, the trial court relied on the Seizure Form in reaching its decision and a copy of the form is included in the Certified Record.

**3.** The Honorable Lester G. Nauhaus, S.J., heard the appeal, and he entered the order sustaining the appeal. The Honorable Robert C. Gallo, S.J., authored the Pa.R.A.P. 1925(a) opinion.

not sustain its burden of proving Licensee was medically incompetent to drive by a preponderance of the evidence. This matter is now before us for disposition.

## II. Discussion

On appeal,[4] DOT argues the trial court erred when it sustained Licensee's appeal. DOT claims it correctly recalled Licensee's operating privilege because she suffered a seizure. DOT asserts it met its *prima facie* burden and created a presumption that Licensee is medically incompetent when it produced the Initial Report indicating Licensee suffered a seizure. Once DOT met its initial burden, the burden of production shifted to Licensee to rebut this presumption.

DOT argues Licensee did not produce competent and substantial evidence rebutting the presumption of incompetence. According to DOT, Licensee, at best, merely contradicted the presumption by pointing to a statement by her treating physician, who did not testify, that he "feel[s] the patient is safe to drive." *See* R.R. at 14a, 26a. DOT contends the statement is equivocal and not competent to rebut DOT's *prima facie* case. Licensee did not present additional evidence to carry her burden. Therefore, DOT asserts, the trial court's order is not supported by substantial or competent evidence of record and must be reversed.[5]

Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), authorizes DOT to recall driver licenses from licensees who are medically incompetent to drive. Specifically, this section provides:

(c) **Recall or suspension of operating privilege.**—[DOT] shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to [DOT] in accordance with regulations to establish that such person is competent to drive a motor vehicle. [DOT] shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established. Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550. The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

75 Pa.C.S. § 1519(c).

Pursuant to Section 1517 of the Vehicle Code, 75 Pa.C.S. § 1517, DOT promulgated regulations concerning physical and mental criteria relating to the licensing of drivers as formulated by the Medical Advisory Board. *See* 67 Pa.Code §§ 83.1–83.6. The pertinent regulation relating to seizure disorders provides:

(a) *General.* A person who has a seizure disorder will not be qualified to drive unless a licensed physician reports that

---

4. Our review is limited to determining whether the trial court's necessary findings are supported by substantial evidence and whether the court committed a reversible error of law or abused its discretion. *Turk v. Dep't of Transp., Bureau of Driver Licensing,* 983 A.2d 805 (Pa.Cmwlth.2009).

5. Licensee did not file a brief. We note that more than six months have passed since Licensee's June 2013 seizure; therefore, Licensee's operating privilege would not be affected by a decision of this Court in DOT's favor. Nevertheless, DOT seeks review to clarify what evidence is necessary for a licensee to overcome the presumption of medical incompetence.

the person has been free from seizure for at least 6 months immediately preceding, with or without medication. A person will not be disqualified if the person has experienced only auras during that period.[6]

67 Pa.Code § 83.4(a). Seizure disorder is defined as a "[c]ondition in which an individual has experienced a single seizure of electrically diagnosed epilepsy, or has experienced more than one seizure not including seizures resulting from an acute illness, intoxication, metabolic disorder, or trauma." 67 Pa.Code § 83.2.

■■■ Any person whose operating privilege has been recalled has the right to appeal. Section 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a). Pursuant to 75 Pa.C.S. § 1550(c), the trial court is authorized to conduct a *de novo* review in a medical recall proceeding. A licensee must be afforded a " 'meaningful' opportunity to be heard" to enable the licensee "to present objections, not to the conclusion that [s]he had suffered an epileptic seizure, *but rather to the presumption of incompetency to drive." Clayton v. Dep't of Transp., Bureau of Driver Licensing*, 546 Pa. 342, 684 A.2d 1060, 1065 (1995) (emphasis added); *accord Peachey v. Dep't of Transp., Bureau of Driver Licensing*, 979 A.2d 951 (Pa.Cmwlth.2009).

■■■ In a recall proceeding, it is DOT's burden to prove by a preponderance of the evidence that the licensee is medically incompetent to drive. *Byler v. Dep't of Transp., Bureau of Driver Licensing*, 883 A.2d 724 (Pa.Cmwlth.2005). A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to "a more likely than not" inquiry.

*Carey v. Dep't of Corr.*, 61 A.3d 367, 374 (Pa.Cmwlth.2013).

■■■ DOT may make a *prima facie* case of medical incompetency by introducing the medical report submitted to DOT by a healthcare provider. *Meter v. Dep't of Transp., Bureau of Driver Licensing*, 41 A.3d 901 (Pa.Cmwlth.2012). Once DOT establishes a *prima facie* case, the burden of production then shifts to the licensee to establish that she was competent to drive on the date of the recall or has since become competent to drive. *Id.* If the licensee is successful, the burden shifts back to DOT to present additional evidence of incompetency to satisfy its ultimate burden of proof. *Byler.* Notwithstanding the shifting burden of production, "[t]he burden of persuasion never leaves [DOT], but the medical report itself is sufficient to meet and overcome [DOT]'s initial burden to establish a *prima facie* case." *Meter,* 41 A.3d at 905–906 (quoting *Reynolds v. Dep't of Transp., Bureau of Driver Licensing*, 694 A.2d 361, 364 (Pa. Cmwlth.1997)).

■■■ The trial court is the ultimate finder of fact. *Byler.* It is within the trial court's discretion to make credibility and persuasiveness determinations. *Id.* In making a determination of whether a licensee is competent to drive, a trial court may consider "the timing and issuance of multiple forms, the conflicting statements contained on the forms and the lack of clarity regarding the extent to which [a] [p]hysician's opinion were based on current examinations." *Turk v. Dep't of Transp., Bureau of Driver Licensing*, 983 A.2d 805, 815 (Pa.Cmwlth.2009).

■■■ A trial court's decision to sustain a recalled licensee's appeal must be sup-

---

**6.** There are four waivers of the freedom from seizure requirement, none of which are applicable here. *See* 67 Pa.Code § 83.4(b).

ported by substantial evidence. *Meter*; *Dewey v. Dep't of Transp., Bureau of Driver Licensing*, 997 A.2d 416 (Pa. Cmwlth.2010); *Byler*. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Zaleski v. Dep't of Transp., Bureau of Driver Licensing*, 22 A.3d 1085 (Pa.Cmwlth.2011).

For its part, DOT presented the Initial Report, in which Reporting Doctor indicated Licensee has a seizure disorder and suffered a seizure in June 2013. However, the Reporting Doctor also indicated Licensee should not lose her driver's license and noted further investigation was warranted. On this basis, the trial court found the report was "not conclusive." Tr. Ct., Slip Op., 2/12/14, at 3; R.R. at 44a.

 Notwithstanding the trial court's characterization of the Reporting Report as "not conclusive," DOT met its initial burden of proving medical incompetency to drive. A recall under the seizure regulation is triggered by the facts of the licensee's disorder and not by a healthcare provider's opinion. *Compare* 67 Pa.Code § 83.4(a) (providing recall is triggered if a person has a seizure disorder) *with* 67 Pa.Code § 83.5(b) (providing recall for certain conditions is triggered only "if, in the opinion of the provider, the condition is likely to impair the ability to control and safely operate a motor vehicle"). By introducing the Initial Report, DOT made a *prima facie* case of medical incompetency pursuant to the regulations. 67 Pa.Code § 83.4(a).

Having met its *prima facie* burden, the burden of production shifted to Licensee.

Licensee relied on the Seizure Report to rebut the presumption of medical incompetence. R.R. at 13a–14a. On the Seizure Report, Treating Physician acknowledged Licensee's history. Despite the disorder and the June 2013 seizure, Treating Physician opined "the patient is safe to drive." R.R. at 14a, 26a.

The trial court considered both medical forms. The trial court gave greater weight to the Seizure Report and the conclusion of Treating Physician, a neurologist who treated Licensee for 19 years, in contrast to the Initial Report of Reporting Doctor, who saw Licensee on a single occasion. Tr. Ct., Slip Op., at 2; R.R. at 43a; *see* R.R. at 9a–10a, 25a. The trial court also assigned less value to the Initial Report because Reporting Doctor indicated Licensee should not lose her driver's license. *See* Tr. Ct., Slip Op., at 3; R.R. at 44a. Ultimately, the trial court determined Treating Physician's opinion that Licensee is competent to drive rebutted DOT's *prima facie* case. *Id.* DOT did not offer additional evidence to support its burden.

DOT contends the Seizure Report does not constitute substantial, competent evidence to rebut as it merely contradicts the presumption. According to DOT, both reports indicate Licensee has a seizure disorder and suffered a seizure in June 2013. DOT claims the isolated statement on the Seizure Report that Treating Physician feels Licensee is safe to drive is insufficient. DOT asserts Licensee needed to present additional evidence regarding her competence to drive. However, Licensee did not testify regarding her condition [7] or

---

7. DOT appears to take issue with the fact Licensee was sworn in, but did not testify regarding her disorder. *See* Pet'r's Br. at 27–28. However, a review of the transcript reveals that once the trial court reviewed the medical reports, he sustained the appeal.

R.R. at 14a. Consequently, Licensee did not have the opportunity to testify further. *See id.* Even if Licensee chose not to testify, we are aware of no cases that require a negative inference to be drawn when a licensee chooses not to testify in a recall proceeding.

present any other evidence regarding her fitness to drive. In support of its position that additional evidence was required, DOT primarily relies on *Peachey* and *Byler*.

In *Peachey*, DOT recalled the licensee's license after he suffered a seizure. At the *de novo* hearing, the licensee submitted a report and deposition testimony of his treating neurologist that indicated the licensee could safely drive despite the seizure to rebut the presumption of incompetency. The treating neurologist testified, "I think it would probably be safe, it's always a judgment call with these things, but I think he probably could drive at this point." *Id.* at 953–954. Ultimately, the trial court sustained the licensee's appeal.

On appeal, DOT did not challenge the sufficiency or competency of the evidence. Instead, DOT argued that 67 Pa.Code § 83.4(a) mandated a six-month license suspension irrespective of whether the licensee's treating physician determined the licensee was competent to drive a vehicle. DOT asserted Section 83.4(a) permitted the restoration of a licensee's operating privilege *only after* the licensee is seizure-free for six months. Relying on *Clayton*, we held the regulation created an impermissible irrebuttable presumption. We determined the licensee possessed a due process right to rebut the presumption of his incompetency to drive, notwithstanding his medical condition, within the six-month period. On this basis, we affirmed. In a concurring opinion, Judge Leadbetter questioned whether the doctor's testimony was sufficient to overcome the presumption because he qualified his opinion. *Peachey*, 979 A.2d at 957.

In *Byler*, DOT satisfied its initial burden by introducing a medical report indicating that the licensee was an alcoholic with alcoholic cerebellar degeneration and should not be driving a car. Licensee did not present any medical evidence, but he successfully rebutted DOT's evidence with lay testimony. The licensee testified: he spends most of his time at home; he never drinks outside of the home; he never drinks and drives; he never drives at night or during periods of heavy traffic; he has never had a moving violation charge against him in 58 years as a licensed driver; and, he was involved in only two accidents 40 years ago that were caused by other drivers.

In addition, the licensee presented the testimony of his neighbor. She testified: she saw the licensee every day; the licensee would drive her to the grocery store or for other errands twice weekly; on no occasion had the licensee ever driven his vehicle after drinking alcohol; and, the licensee never drank outside of his home. DOT presented no additional evidence. The trial court concluded that DOT did not sustain its burden of proving the licensee's condition was likely to impair his ability to control and safely operate a motor vehicle. On appeal, we affirmed. We held the testimony of the licensee and his neighbor constituted substantial competent evidence to rebut the presumption. *Byler*. Cf. *Meter* (lay testimony insufficient in alcohol-related recall where lone witness testified she had not *seen* the licensee drink, not that he had not done so).

█ Considering the degree of detail and specificity in the evidence presented by the recalled licensees in *Byler* and *Peachey*, DOT argues Licensee cannot rely solely on the Seizure Report. Contrary to DOT's assertion, the mere fact the licensees in *Peachey* and *Byler* presented additional evidence does not mean such evidence is required. *See Klotz v. Commonwealth*, 77 Pa.Cmwlth. 134, 465 A.2d 113 (1983). A medical report alone may suffice, and additional testimonial evidence is not always necessary. *Id.* In-

deed, the Vehicle Code clearly intends medical reports to be competent evidence in an incompetency proceeding. Section 1518(e) of the Vehicle Code, 75 Pa.C.S. § 1518(e). Moreover, both DOT and licensees may rely on the medical reports. *See id.; McKelvy v. Dep't of Transp., Bureau of Driver Licensing,* 814 A.2d 843 (Pa.Cmwlth.2003).

For instance, in *McKelvy,* both sides introduced DOT forms completed by physicians whose opinions differed as to whether the licensee was competent to operate a motor vehicle. Although DOT established a *prima facie* case of incompetency through the admission of the first doctor's report, the licensee countered this evidence with a report from his healthcare provider who opined the licensee was medically competent to drive. We concluded, absent additional evidence from DOT, it failed to show by a preponderance of the evidence that the licensee was incompetent to drive. *McKelvy.*

Later, in *Dewey,* DOT recalled a licensee's operating privilege upon receiving an emergency room physician's report indicating the licensee lost consciousness due to hypoglycemia caused by his unstable diabetes. The report also stated that this condition prevented the licensee from safely operating a motor vehicle. At the *de novo* hearing, the licensee presented a report from his treating physician, who treated him for eight years. The treating physician's report confirmed the licensee suffered one episode of loss of consciousness. Nevertheless, the treating physician opined licensee could safely operate a motor vehicle. Notably, the licensee did not testify or present the deposition testimony of his treating physician.

The trial court accepted the opinion of licensee's treating physician, and it determined the treating physician's report constituted substantial evidence to overcome

the emergency room physician report. On this basis, the trial court sustained the licensee's appeal. This Court affirmed. Although the sufficiency of evidence was not directly challenged on appeal, we determined substantial evidence rebutted the presumption of incompetency.

Similarly, in *Golovach v. Department of Transportation, Bureau of Driver Licensing,* 4 A.3d 759 (Pa.Cmwlth.2010), DOT presented the initial reporting form triggering recall. DOT also presented a form completed by the licensee's treating physician, who opined the licensee was capable of driving a motor vehicle. The licensee did not introduce any testimony or documentary evidence at the hearing. The trial court sustained licensee's appeal based on the report of the licensee's treating physician. On appeal, DOT argued the trial court's decision was unsupported by substantial evidence. We concluded the treating physician's report constituted substantial evidence to rebut the presumption of incompetency. *Id.; see also Carn v. Dep't of Transp., Bureau of Driver Licensing,* (Pa.Cmwlth., No. 1132 C.D.2010, filed January 6, 2011) (unreported) 2011 WL 10844862. *Cf. Hampton v. Dep't of Transp., Bureau of Driver Licensing,* (Pa.Cmwlth., No. 1697 C.D.2008, filed December 22, 2008) (unreported) 2008 WL 9406052 (the medical reports did not rebut DOT's *prima facie* case as none of the doctors stated the licensee was competent to drive).

Contrary to DOT's assertions, a conflicting medical report, without more, can constitute sufficient evidence to rebut DOT's *prima facie* case. *See Dewey; McKelvy.* Such a circumstance is for the trial court, acting as fact-finder, to consider in determining whether Licensee carried her burden to prove competency to drive. *See Turk.*

Here, the trial court decided the appeal based on the totality of the evidence presented at the hearing. Although both doctors agreed Licensee has a seizure disorder and suffered a seizure in June 2013, neither doctor recommended Licensee should lose her license. R.R. at 20a, 26a. Reporting Doctor recommended further investigation. R.R. at 20a. Treating Physician opined Licensee is safe to drive. R.R. at 26a.

 DOT must demonstrate a licensee is unsafe to drive by a *preponderance* of the evidence. *See Byler.* Although the Initial Report satisfied DOT's initial burden, the Seizure Report negated the presumption that Licensee is unfit to drive. The trial court found the Seizure Report more persuasive than the Initial Report. As a result, the Initial Report was not enough to satisfy DOT's ultimate burden of persuasion to establish Licensee was unfit to drive by a preponderance of the evidence. DOT did not present additional evidence regarding Licensee's competency, resting instead upon the Initial Report.

Notwithstanding a medical report may constitute sufficient evidence, DOT claims the Seizure Report does not constitute substantial or competent evidence. DOT points to the lack of detail and specificity in the Seizure Report regarding why Treating Physician believed Licensee is safe to drive. The Initial Report and Seizure Report are both standard questionnaires created by DOT for purposes of ascertaining a person's fitness to drive. The doctors completed the forms and provided their medical opinions regarding Licensee's medical competency to drive. By its very design, the Seizure Report does not allow for much more. *See* R.R. at 25a–26a. Treating Physician added a handwritten paragraph in a blank space at the end of the form. *Id.* at 26a. Although much of his note is not legible,[8] Treating Physician clearly concluded Licensee is safe to drive. *Id.* DOT's argument that the Initial Report constitutes substantial evidence while the Seizure Report does not is unavailing. *See McKelvy.*

 To the extent DOT argues the doctor's statement that he *feels* Licensee is safe to drive is equivocal, and thus not competent evidence, this argument is equally unavailing. Unlike terms like "probably" or "usually," which may be equivocal, *see Peachey,* 979 A.2d at 954 n. 4, a doctor expressing his opinion with "I feel" is generally not. "I feel" is more akin to "I believe" and is merely a way of expressing his opinion. *Lyons Transp. Lines, Inc. v. Workmen's Comp. Appeal Bd. (Pogany),* 84 Pa.Cmwlth. 546, 480 A.2d 358, 361 n.3 (1984) ("[an] opinion expressed as a feeling or 'I feel that way about it' is equivalent to saying 'I believe' and '[c]onsequently, [such an] answer is sufficiently definite'"); *Michaelson v. Workmen's Comp. Appeal Bd. (R.R. Leininger & Son),* 126 Pa.Cmwlth. 542, 560 A.2d 306, 309 (1988) ("use of the word 'feel' in expressing ... opinion does not render that opinion equivocal").

For these reasons, we conclude the Seizure Report constitutes substantial evidence in support of the trial court's decision. Accordingly, we affirm.

### ORDER

**AND NOW,** this 8th day of September, 2014, the order of the Court of Common

---

8. According to our review of the note, it appears Treating Physician kept Licensee on a low dosage of Depakote, an anti-seizure medication, but since the seizure Physician increased her dosage from 700 to 1500 mg daily. *See* R.R. at 26a. Reporting Physician also indicated she increased the medication. *See* R.R. at 20a.

Pleas of Allegheny County is **AFFIRMED.**