# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bramer,  :
                  Appellant  :
                             :  No. 1577 C.D. 2017
            v.  :
                             :
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing  :
                             :
Joseph Bramer  :
                             :  No. 1670 C.D. 2017
            v.  :
                             :  Submitted: June 8, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing,  :
                  Appellant  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE McCULLOUGH                              FILED: July 19, 2018


Joseph Bramer (Bramer) appeals, *pro se*, from the September 22, 2017 order of the Court of Common Pleas of Westmoreland County (trial court), which dismissed Bramer's statutory appeal of the recall of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT), pursuant to section 1519(c) of the Vehicle Code, 75 Pa.C.S.

§1519(c). PennDOT cross-appeals a portion of the same order which directs it to provide Bramer with a driving test in accordance with 67 Pa. Code §83.5(c).[1]

**Facts and Procedural History**

In early March 2017, Bramer received a letter dated March 3, 2017, from PennDOT, notifying him of the recall of his driving privilege because PennDOT received information indicating that Bramer suffered from a neurological condition that prevented him from safely operating a motor vehicle. (Supplemental Reproduced Record (S.R.R.) at 2b-3b.)[2] The letter informed Bramer that, effective March 10, 2017, he could no longer drive until he successfully demonstrates that he could satisfy PennDOT's minimum medical standards.

On March 13, 2017, Bramer appealed to the trial court. (Original Record (O.R.) at Item No. 1.) The trial court held a hearing, *de novo*, on September 22, 2017. At the hearing, PennDOT presented as evidence a DL-13 Initial Reporting Form (Form) wherein Bramer's healthcare provider, Jessica L. Kappel, PA-C, who specializes in neurology, diagnosed Bramer as suffering from a neurological disorder. (S.R.R. at 4b.) In the Form, Kappel represented that Bramer had been treated by her practice since February 10, 2012. *Id.* The report was admitted into the record with no objection. (Notes of Testimony (N.T.), 9/22/17, at 6.) Counsel for Bramer admitted that she had no reports or medical evidence to contradict Kappel's report. (*Id.* at 6, 8.) Bramer testified that he had been driving for about 55 years; that he neither had a car

---

[1] Bramer's appeal was filed at No. 1577 C.D. 2017. The cross-appeal of PennDOT was filed at No. 1670 C.D. 2017. By order dated January 18, 2018, this Court consolidated the two cases.

[2] PennDOT explained that, because Bramer did not include certain documents in his reproduced record, it filed those documents with PennDOT's brief as a Supplemental Reproduced Record pursuant to Pa.R.A.P. 2156. The documents will be cited herein as part of the Supplemental Reproduced Record.

2

accident nor received a traffic violation in the last 20 to 25 years; and that he believed he was "definitely" able to operate a moving vehicle. (*Id.* at 7-8.)

Upon conclusion of the hearing, the trial court stated that, because Bramer did not produce any medical evidence to contradict Kappel's report, it had "no alternative but to uphold the condition of [his] license at this point," explaining that "if, in the future, there would be some change of competence and that would be supported by medical evidence, it could be presented at that time." (*Id.* at 8.) At that time, Bramer's counsel argued that PennDOT failed to demonstrate his incompetency and requested that, pursuant to 67 Pa. Code §83.5(c), the trial court direct PennDOT to allow him to take a driving examination to determine whether he was, in fact, competent to operate a motor vehicle. (*Id.* at 9.)

On September 22, 2017, the trial court issued an order dismissing Bramer's appeal. (O.R. at Item No. 5.) However, the order included a written directive for PennDOT to provide Bramer with a driving examination under 67 Pa. Code §83.5(c). *Id.* Both Bramer and PennDOT filed appeals with the trial court. (O.R. at Item Nos. 6 and 9.)

## Discussion and Analysis

On appeal,[3] Bramer argues that the trial court erred in dismissing his appeal where (1) the only evidence submitted by PennDOT during the medical recall hearing was an initial reporting form submitted by Bramer's neurologist; and (2) Bramer did not have an opportunity to complete a court-ordered driving examination.

---

[3] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Pasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 (Pa. Cmwlth. 2010).

First, we must address Bramer's argument that PennDOT did not meet its burden of proof to establish that he was not qualified to drive. Bramer contends that PennDOT failed to produce any medical information to support Kappel's neurological report. In response, PennDOT contends that the medical report alone satisfied its burden to establish a *prima facie* case. Section 1519(c) of the Vehicle Code provides:

> [PennDOT] shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to [PennDOT] in accordance with regulations to establish that such person is competent to drive a motor vehicle. [PennDOT] shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established. Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550. The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

75 Pa.C.S. §1519(c).

In *Helwig v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 153 (Pa. Cmwlth. 2014), we explained that, in a recall proceeding, PennDOT bears the burden of proving that the licensee is medically incompetent to drive and that such burden must be established by a preponderance of the evidence. *Id.* at 158. A *prima facie* case of medical incompetence can be made "by introducing the medical report submitted to [PennDOT] by a healthcare provider." *Id.* "Once [PennDOT] establishes a *prima facie* case, the burden of production then shifts to the licensee to establish that [he] was competent to drive on the date of recall or has since become

4

competent to drive." *Id.* While the burden of persuasion remains with PennDOT, a "medical report itself is sufficient to meet and overcome [PennDOT]'s initial burden to establish a *prima facie* case." *Id.* (quoting *Meter v. Department of Transportation, Bureau of Driver Licensing*, 41 A.3d 901, 905-06 (Pa. Cmwlth. 2012)).

Based upon our decision in *Helwig*, it is clear that PennDOT's presentation of the Form was sufficient to meet its *prima facie* burden of proof that Bramer is medically incompetent to operate a motor vehicle. In turn, the burden of production then shifted to Bramer to demonstrate that he is medically competent. Bramer presented no evidence to contradict the Form, and he failed to object to the admission of the Form at the recall hearing. Instead, Bramer merely relied upon his own testimony. We also note that, on the record, Bramer's counsel acknowledged that he does, in fact, suffer from a neurological disorder. (N.T., 9/22/17, at 10.)

It is well settled that the trial court is the ultimate finder of fact and has the discretion to make credibility and weight of evidence determinations. *Helwig*, 99 A.3d at 158. However, in a recall hearing, the trial court's decision must be supported by substantial evidence which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 158-59. Because the Form is sufficient to establish a *prima facie* case of medical incompetence, we find that substantial evidence of record exists to support the trial court's determination.

Next, we will consider Bramer's assertion that the trial court erred in dismissing his appeal when PennDOT did not provide him with an opportunity to complete a driving examination. Bramer notes that the trial court's September 22, 2017 order included a written directive ordering PennDOT to provide a driving examination to Bramer under 67 Pa. Code §83.5(c). PennDOT filed a cross-appeal regarding this portion of the trial court's order, arguing that such a directive was an abuse of the trial

5

court's discretion. Specifically, PennDOT contends that Bramer should have been required to provide competent medical evidence to counter the Form before the trial court allowed him to take a driving examination. (Designated Appellee's brief at 15.)

Section 83.5, which addresses certain physical and mental criteria used to determine whether an individual is qualified to drive a motor vehicle, provides in relevant part:

> (b) Disqualification on provider's recommendation. A person who has any of the following conditions will not be qualified to drive if, in the opinion of the provider, the condition is likely to impair the ability to control and safely operate a motor vehicle:
>
> * * *
>
> (8) Other conditions which, in the opinion of a provider, is likely to impair the ability to control and safely operate a motor vehicle.
>
> (c) Driving examination. A person who has any of the conditions enumerated in subsection (b)(1), (2), (3) or (8) may be required to undergo a driving examination to determine driving competency, if [PennDOT] has reason to believe that the person's ability to safely operate a motor vehicle is impaired. The person may be restricted to driving only when utilizing appropriate adaptive equipment.

67 Pa. Code §83.5(b)(8), (c). Bramer argues that section 83.5 mandates that he be given an opportunity to complete a driving examination before his operating privilege is recalled. On the other hand, PennDOT asserts that, "[i]n the absence of competent evidence showing that Bramer does not suffer from a medical disorder that prevents him from safely operating a motor vehicle, it must be presumed that he cannot safely drive a vehicle. Consequently, it is not reasonable to allow Bramer to risk harming

6

himself and/or others (including [PennDOT's] driving examiner) by taking a driving test." (Designated Appellee's brief at 16.)

We have explained that "[a]buse of discretion is not merely an error of judgment; however, if in reaching a conclusion, the law is overridden or misapplied, *or the judgment exercised is manifestly unreasonable* or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317, 319 (Pa. Cmwlth. 2005) (emphasis in original). PennDOT argues that, in this case, the trial court's directive to allow Bramer to take a driving examination was manifestly unreasonable in light of its determination that he was medically incompetent to operate a motor vehicle. We agree.

As relevant to this case, section 83.5(c) permits a driving examination if PennDOT "has *reason to believe* that the person's ability to safely operate a motor vehicle is impaired" due to a "condition[ ] which, in the opinion of a provider, is likely to impair the ability to control and safely operate a motor vehicle." 67 Pa. Code §83.5(c). Here, it is undisputed that Bramer has a neurological condition. The question then becomes whether that neurological condition would deem him medically incompetent to operate a motor vehicle. The trial court dismissed Bramer's appeal of his license recall because the evidence presented by PennDOT, *i.e.*, the Form, was uncontested. In doing so, the trial court effectively deemed Bramer medically incompetent to drive. Bramer did not submit medical evidence to demonstrate that his neurological condition either no longer existed or did not impair his ability to operate a motor vehicle, and a driving examination, which would be taken on a precise date and at a precise time, cannot by itself overcome a medical determination of incompetency as established by the Form. In other words, the record contains no

7

evidence to show that the neurological condition is no longer an issue and a driving examination cannot cure that defect. As we previously explained, after PennDOT presented the Form to establish its *prima facie* case of medical incompetency, the burden shifted to the licensee to overcome that *prima facie* case, and Bramer failed to meet that burden. Accordingly, we find that the trial court did abuse its discretion by directing PennDOT to allow Bramer to undergo a driving examination.

**Conclusion**

Based upon the foregoing, we conclude that the trial court did not err in dismissing Bramer's appeal, as the Form presented by PennDOT was sufficient to establish a *prima facie* case of medical incompetency. However, under these facts, the trial court abused its discretion by ordering PennDOT to allow Bramer to undergo a driving examination pursuant to 67 Pa. Code §83.5(c). Therefore, we affirm the trial court's September 22, 2017 order to the extent that it dismissed Bramer's appeal and reverse the portion of the order that directed PennDOT to provide Bramer with an opportunity to undergo a driving examination.

_____
PATRICIA A. McCULLOUGH, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bramer,                :
             Appellant      :
                     :   No.  1577 C.D. 2017
           v.              :
                     :
Commonwealth of Pennsylvania, :
Department of Transportation,   :
Bureau of Driver Licensing     :
                     :
Joseph Bramer           :
                     :   No. 1670 C.D. 2017
           v.              :
                     :
Commonwealth of Pennsylvania, :
Department of Transportation,   :
Bureau of Driver Licensing,    :
             Appellant      :

## ***ORDER***

AND NOW, this 19th day of July, 2018, the September 22, 2017 order of the Court of Common Pleas of Westmoreland County  is hereby affirmed to the extent that it dismissed Joseph Bramer's appeal and reversed to the extent that it directed the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing to provide Bramer with an opportunity to undergo a driving examination.

_____
PATRICIA A. McCULLOUGH, Judge